IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| WALNUT HILLS-GREENVILLE AVE, LLC, | § § § | Case No. 24-31485 |
| Debtor. | § § § | |

**UNITED TEXAS BANK'S EMERGENCY MOTION TO CONVERT TO CHAPTER 7**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE**

United Texas Bank ("UTB"), as the Debtor's prepetition secured lender, files this Emergency Motion (the "Motion"), pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and hereby requests entry of an order converting this case to Chapter 7 of the Bankruptcy Code. In support hereof, UTB respectfully states as follows:

## GROUNDS FOR EMERGENCY RELIEF

1. Debtor has wholly failed to comply with even the most basic requirements of a Debtor in Possession. Debtor has failed to file its June, July and August 2024 Monthly Operating Reports. Debtor has failed to provide any proof of the establishment of a Debtor in Possession account. At least for the first 90 days of this case, Debtor's funds were deposited into and commingled with the funds in a bank account owned and controlled by Debtor's master tenant, which is an insider under common control of the Debtor. Debtor is not paying ad valorem taxes despite having the cash to do so. Most recently, despite its agreement to do so, Debtor failed to produce any documents responsive to UTB's 2004 Exam Notices (Dkts. 36 and 50). Debtor also failed to appear for its 2004 Examination, which was scheduled for August 28, 2024, again by agreement of the parties. For these reasons, UTB requests that the Court set this Motion for hearing on September 3, 2024, at the same time as the scheduled hearings on (i) UTB's Motion to Appoint Examiner; and (ii) UTB's Motion to Compel Production of Documents.

## PRELIMINARY STATEMENT

2. This is a single asset real estate case concerning a commercial office building located at 7502 Greenville Avenue, Dallas, Texas 75231, on the northeast corner of Greenville Avenue and Walnut Hill Lane in Dallas, Texas (the "Property"). UTB loaned the Debtor $25 million in March 2022, secured by a first-lien Deed of Trust on the Property. The Debtor filed this bankruptcy case on April 1, 2024, ostensibly for the sole purpose of thwarting UTB's foreclosure sale scheduled for the following day.

3. The Debtor leases the entire Property to an insider Tenant (defined below) for base rent of $290,474 per month. Tenant's financial statements show that it only paid the Debtor a total of $108,057 in rent during the four months spanning from September 2023 through December

2023. Inexplicably however, the Debtor's financial statements show that the Debtor received all $1,161,896 of the base rent tenant owed during that same time period. Even more troubling is the fact that the Debtor and its master Tenant are both controlled by the same person, Dr. Atul Lucky Chopra, and the same CPA prepared the financial statements for both entities.

4. Debtor has failed to file its June, July and August 2024 Monthly Operating Reports. It is also disturbing that it took Debtor almost 3 months to (allegedly) open a Debtor in Possession account. During that time, Debtor's funds were being held in and potentially comingled with an account owned and controlled by the insider Tenant. *See* Debtor's Monthly Operating Reports (Dkts. 27 and 30). Of course, Debtor has still failed to provide actual evidence of the Debtor in Possession account, so it is possible that no such account exists or that not all funds have been properly deposited into it.

5. In addition, the Debtor has failed to pay any ad valorem taxes on the Property for two years (approximately $2.9 million), despite reporting net income of approximately $1.9 million in 2023. These unpaid property taxes diminish the value of UTB's collateral dollar-for-dollar by the amount of Dallas County's statutory tax liens, because statutory tax liens take priority over UTB's Deed of Trust under Texas law. Given the Debtor's reported annual net income, the Debtor should have had sufficient cash flow to satisfy all ad valorem tax claims as they came due. Moreover, under the Debtor's lease with its insider Tenant, the Tenant has a contractual obligation to satisfy ad valorem property taxes. UTB fears that the Debtor is: (i) not enforcing its lease with its Tenant because of the Tenant's insider status; (ii) not providing UTB with accurate financial reporting; and (iii) using its purported $1.9 million of annual net income for the benefit of insiders instead of paying its tax obligations as they come due.

6.  Most recently, despite agreement between the parties, Debtor failed to (i) produce a single document responsive to UTB's 2004 Examination Notices; and (ii) failed to without explanation at two 2004 Examinations that were scheduled for August 28, 2024.

7.  Accordingly, UTB submits that good cause exists to convert this case to Chapter 7 under section 1112(b) of the Bankruptcy Code.

## JURISDICTION AND VENUE

8.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). UTB consents to the Court's entry of a final judgment on this matter to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments on this matter consistent with Article III of the United States Constitution.

9.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

10.  On April 1, 2024 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and manages its business as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. No official committees have been formed in this case, and no trustee has been appointed.

11.  The Debtor filed its Bankruptcy Schedules A-H [Dkt. No. 17] (the "Schedules") and Statement of Financial Affairs [Dkt. No. 17] (the "SOFA") on April 11, 2024.

12. The Debtor's Property constitutes single asset real estate ("SARE"), as defined in section 101(51B) of the Bankruptcy Code. *See* Dkt. No. 1. The only assets listed in the Debtor's Schedules are the Property and two bank accounts maintained at UTB, each with $0.00 balances.

### A. UTB'S $25,000,000 FIRST-LIEN LOAN

13. The Debtor acquired the Property on or around November 2, 2020.[1]

14. On or about March 16, 2022, the Debtor refinanced the Property with a loan from UTB in the original principal amount of $25,000,000 (the "Loan"). The Loan is secured by a valid and properly perfected first-priority lien and security interest on the Property and other assets of the Debtor. The Loan and UTB's liens are evidenced by the following documents attached hereto as **Exhibits A–E** (together with all other documents evidencing, securing, or otherwise relating to the Loan, the "Loan Documents"):[2]

   a. *Loan Agreement* dated March 16, 2022, by and between the Debtor, as borrower, and UTB, as lender (the "Loan Agreement") **[Ex. A]**;

   b. *Promissory Note* dated March 16, 2022, by the Debtor, as borrower, payable to UTB, as lender, in the original principal amount of $25,000,000 (the "Note") **[Ex. B]**;

   c. *Deed of Trust, Security Agreement, Assignment of Rents, Fixture Filing, and Financing Statement* dated March 16, 2022, by and between the Debtor, as grantor, Philip D. Collins, as trustee, and UTB, as beneficiary, filed of record in the Dallas County Real Property Records on March 18, 2022 [Document #202200075735] (the "Deed of Trust") **[Ex. C]**;

   d. *Pledge and Security Agreement* dated March 16, 2022, by and between the Debtor, as pledgor, and UTB, as secured party (the "Security Agreement") **[Ex. D]**; and

   e. *Guaranty Agreement* dated March 16, 2022, by and between UTB, as lender, the Debtor, as borrower, and Atul Lucky Chopra, as guarantor (the "Guaranty Agreement") **[Ex. E]**.

---

[1] *See* Dallas County Real Property Records, *Special Warranty Deed* recorded Nov. 9, 2020 [Doc #202000310429].

[2] **Exhibits A-L** referenced herein are attached to UTB's Motion to Appoint Examiner and are incorporated herein by reference.

15. Dr. Atul Lucky Chopra ("Chopra" or "Guarantor") unconditionally and irrevocably guaranteed the Debtor's Loan obligations to UTB, pursuant to the Guaranty Agreement.

16. Under the terms of the Loan, the Debtor agreed—starting April 16, 2022, and continuing on the 16th day of each month thereafter until February 16, 2042—to make monthly principal and interest payments on the Loan as set forth in Article II of the Loan Agreement. The Debtor further agreed to refrain from permitting the existence of any lien upon the Property.

17. The Debtor breached its obligations under the Loan Documents prior to the Petition Date by failing to pay certain real property taxes due on the Property, resulting in ad valorem tax liens, and by failing to cure mechanics' liens filed against the Property—thereby establishing two separate events of default under the Loan Documents.

18. On March 8, 2024, UTB accelerated the Note and made demand on the Debtor (and Chopra, as Guarantor) for payment of all remaining amounts due and payable under the Loan Documents. UTB thereafter posted the Property for foreclosure, with the foreclosure sale set to occur on April 2, 2024. The Debtor precluded UTB from moving forward with the foreclosure by filing this bankruptcy case the day before the sale.

19. As of the Petition Date, the total amount due and owing to UTB under the Loan Documents is at least $20,730,063.44, exclusive of certain legal fees incurred by UTB. The Debtor's Schedules list UTB as holding a non-contingent, liquidated, undisputed secured claim for a similar amount, with UTB's lien being described as "purchase money security."

B. **DEBTOR'S MASTER LEASE TO INSIDER TENANT**

20. Immediately upon acquiring the Property in November 2020, the Debtor leased the entire Property—all 199,182 square feet of the eight-story office building and the three-level

parking garage—to Advanced Dallas Hospital & Clinics, LLC ("Tenant"), pursuant to the Commercial Lease attached hereto as **Exhibit F** (the "Master Lease").

21. On March 16, 2022, in connection with the Loan, the Debtor, Tenant, and UTB entered into the *Subordination, Non-Disturbance and Attornment Agreement* attached hereto as **Exhibit G** (the "SNDA"). Chopra signed the SNDA on behalf of both the Debtor and the Tenant.

22. Importantly, Tenant is an insider of the Debtor within the meaning of section 101(31) of the Bankruptcy Code, because the same person, Dr. Chopra, owns and controls more than 20% of the voting interests in each entity. *See* 11 U.S.C. §§ 101(2) and 101(31)(E). The Debtor and Tenant are affiliate entities in that both are controlled by Chopra. The following screenshots of the SNDA explain the insider-affiliate relationship between the two entities:[3]




SNDA, p. 10-11. The Debtor and Tenant also have the same registered agent and registered agent service address.[4]

---

[3] Cognizant Management Solutions, LLC ("Cognizant Management") is the sole manager of the Debtor and Tenant; Zoo Capital Holdings, LLC ("Zoo Capital") is the sole member of Cognizant Management; and Chopra is the sole member and manager of Zoo Capital. *See* **Ex. F**, SNDA p. 10-11. This is corroborated by the Certificates of Formation and 2023 Public Information Reports filed with the Texas Secretary of State for each entity (collectively, the "TXSOS Filings"). The TXSOS Filings for the Debtor, Tenant, Cognizant Management, and Zoo Capital are attached hereto as **Exhibits H – K**, respectively. Additionally, Zoo Capital is listed in the SOFA as being the 100% owner of the Debtor. *See* Dkt. No. 17, SOFA #28.

[4] *See* **Exs. H – K**, TXSOS Filings.

23. The Debtor and Tenant are each controlled solely by Cognizant Management, which is solely controlled by Zoo Capital, which is solely controlled by Chopra—the Guarantor under the Loan Documents. Additionally, on information and belief, Chopra is indirectly the sole owner of the Debtor and Tenant; otherwise, he would have no incentive to personally guarantee the Debtor's $25 million Loan obligation to UTB. Chopra represented to UTB that he would personally benefit from the Loan, indicating that he owns a personal stake in the Debtor.[5]

24. The Master Lease is a "triple net" lease requiring Tenant to pay base rent of $290,474.00 per month, plus all taxes, utilities, and insurance for the Property.

25. The term of the Master Lease commenced on December 1, 2020; however, Tenant's income statement reflects that Tenant did not pay any rent to the Debtor until January 2023. Tenant's income statement for the years 2020 through 2023 is attached hereto as **Exhibit L**.

26. Moreover, Tenant's income statement shows that, except for $108,057 in November 2023, no rent was paid to the Debtor for the months of September 2023 through December 2023. The Debtor's income statement, however, shows that the Debtor collected full base rent of $290,474 each month during that four-month period. The Debtor's income statement [Dkt. No. 4] is attached hereto as **Exhibit M**. Notably, the Debtor's income statement and the Tenant's income statement were both prepared by the same CPA.

27. Furthermore, in addition to the troubling insider issues, neither the Debtor nor Tenant has paid ad valorem taxes on the Property in at least two years. The Debtor's Schedules reflect that Dallas County is owed $2,923,660.38 for unpaid ad valorem taxes as of the Petition

---

[5] *See* **Ex. E**, Guaranty Agreement ¶7(d) ("Guarantor represents and warrants to Lender as follows: … (d) The value of the consideration received and to be received by Guarantor as a result of Borrower and Lender entering into the Loan Agreement and Guarantor executing and delivering this Guaranty Agreement is reasonably worth at least as much as the liability and obligation of Guarantor hereunder, and such liability and obligation and the Loan Agreement have benefitted and may reasonably be expected to benefit Guarantor directly or indirectly.").

Date. Dallas County filed a tax lawsuit against the Debtor on January 22, 2024. *See* Dkt. No. 17, SOFA #7.

### C. DEBTOR'S FAILURE TO COMPLY WITH UTB'S 2004 EXAMINATION NOTICES

28. Debtor has failed, without any explanation, to (i) produce documents as agreed on August 22, 2024; and (ii) as also agreed, appear for 2004 Examinations on August 28, 2024. UTB has been trying to work with Debtor for more than a month to obtain discovery relating to the Motion to Appoint Examiner and Debtor's Plan of Reorganization. UTB's efforts in this regard are summarized by the chart below:

| Date | Action |
|---|---|
| 7/23/2024 | Ridulfo calls Lane to discuss 2004s - no response |
| 7/24/2024 | Ridulfo calls Lane to discuss 2004s - no response |
| 7/29/2024 | UTB files Notice of Rule 2004 Examination of Debtor |
| 7/31/2024 | Ridulfo email to Lane regarding scheduling 2004 of Mark Previty. |
| 8/2/2024 | Lane email to Ridulfo. Call scheduled for 8/5/24 |
| 8/5/2024 | Ridulfo calls Lane - no response |
| 8/6/2024 | Ridulfo email to Lane regarding scheduling Previty 2004 - no response |
| 8/7/2024 | Ridulfo confers with Debtors in-house counsel about scheduling Previty 2004 |
| 8/7/2024 | Ridulfo email to Lane regarding Previty 2004 - no response. |
| 8/8/2024 | UTB files Notice of 2004 Examination of Previty. |
| 8/15/2024 | Ridulfo and Lane confer and agree (i) document production by 8/20/24, (ii) 2004 examination on 8/28/24 |
| 8/15/2024 | UTB files Notice of Rescheduled 2004 Exams |
| 8/20/2024 | UTB agrees to move document production to 8/22/24 but 2004s remain scheduled for 8/28/24 |
| 8/22/2024 | Debtor fails to produce documents |
| 8/23/2024 | Ridulfo email to Lane regarding document production - no response. |
| 8/28/2024 | Debtor and Previty fail to appear for 2004 Exams. |

## BASIS FOR RELIEF

29. Section 1112(b) of the Bankruptcy Code provides for the conversion of a case to Chapter 7 for cause. A debtor's failure to file operating reports is "cause" for conversion. *See In re Aurora Care, LLC*, 589 B.R. 631, 640 (Bankr. N.D. Ill. 2018). A debtor's failure to comply with basic rules for management of a case under Chapter 11 may also be cause for conversion. *In re Hampton Hotels Invs., LP*, 270 B.R. 346, 358 (Bankr. S.D.N.Y 2001).

30. In this case, the Debtor has failed to comply with the most basic requirements of a Debtor in Possession. First, there is no evidence that Debtor has opened a Debtor in Possession account. At a minimum, in the first 90 days post-petition, Debtor's cash was being held by and likely commingled with the Tenant's bank account. Debtor has failed to file its June, July and August 2024 Monthly Operating Reports. Debtor has failed, despite agreement, to produce documents in response to UTB's 2004 Examination Notices. On August 28, 2024, despite agreeing to do so, Debtor failed to appear for two scheduled 2004 Examinations. Finally, Debtor has not been paying ad valorem taxes on the Property for at least two years, despite having ample funds to do so. The Debtor's income statement reflects approximately $1.9 million of net income in 2023, *see* **Ex. M**, yet the Debtor is so delinquent on ad valorem taxes that Dallas County has filed a tax lawsuit against it, *see* Dkt. No. 17, SOFA #7. The Debtor's failure to pay ad valorem taxes and imposition of tax liens against the Property directly diminishes the value of UTB's collateral, because statutory tax liens take priority over UTB's first-lien Deed of Trust under Texas law. TEX. TAX CODE §§ 32.01(d), 32.05(b); *see also In re Monroe Park*, 17 B.R. 934, 939 (D. Del. 1982) (unpaid property taxes erode the value of a lender's secured interests because such amounts are superior to the lender's lien); *In re Vita Craft Corp.*, 625 B.R. 491, 504 (Bankr. D. Kan. 2020)

(creditor was not adequately protected in light of debtor's failure to pay or escrow for property taxes, and deteriorating condition of property).

31. Transparency and timely financial reporting are cornerstones of the Chapter 11 process. Debtor is clearly of the view that it is above these basic requirements. UTB's interests as the senior secured creditor are being ignored. Debtor is not discharging its fiduciary obligations as Debtor in Possession. UTB submits that sufficient cause exists for immediate conversion of this case to Chapter 7.

## NO PRIOR REQUEST

32. No prior request for the relief sought herein has been made to this Court or any other court. However, UTB's Motion to Appoint an Examiner is pending.

## CONCLUSION

WHEREFORE, for the foregoing reasons, UTB respectfully requests that this Court enter an order, substantially in the form attached hereto, converting this case to a Chapter 7 pursuant to section 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, and that UTB be granted such other and further relief as is just and proper.

DATED: August 29, 2024

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael P. Ridulfo*
**Michael P. Ridulfo**
State Bar No. 16902020
SD TX #27086
5151 San Felipe, Suite 800
Houston, Texas 77056
Tel.: (713) 425-7400
Fax: (713) 425-7700
Email: mridulfo@krcl.com

10940350 v2 (76710.00040.000)

**John J. Kane**
State Bar No. 24066794
**Kyle Woodard**
State Bar No. 24102661
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

***Counsel for United Texas Bank***

### CERTIFICATE OF CONFERENCE

This is to certify that on August 28, 2024, Debtor's counsel advised that this Motion is opposed.

/s/ *Michael P. Ridulfo*
Michael P. Ridulfo

### CERTIFICATE OF SERVICE

This is to certify that on August 29, 2024, a true and correct copy of the foregoing notice was filed with the Court and served (i) via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case and (ii) via first-class mail, postage prepaid, upon all parties on the attached Service List.

/s/ *Michael P. Ridulfo*
Michael P. Ridulfo

10940350 v2 (76710.00040.000)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 24-31485<br>Southern District of Texas<br>Houston<br>Thu Aug 29 11:06:04 CDT 2024 | Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John K Turner<br>2777 N. Stemmons Frwy Ste 1000<br>Dallas, TX 75207-2328 | Walnut Hills-Greenville Ave, LLC<br>1911 Bagby St Suite 300<br>Houston, TX 77002-8740 |
| 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 | Advanced Dallas Hospital & Clinics, LLC<br>1911 Bagby Street Suite 200<br>Houston, TX 77002-8860 | Clinical Communication Partners, LLC<br>c/o Lisa Norman<br>Andrews Myers, P.C.<br>1885 Saint James Place, 15th Floor<br>Houston, Texas 77056-4175 |
| Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John Kendrick Turner<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | Dallas County<br>c/o Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Frwy 1000<br>Dallas, TX 75207-2328 | (p)GRAY REED & MCGRAW LLP<br>ATTN LISA STUCKETT<br>1300 POST OAK BLVD STE 2000<br>HOUSTON TX 77056-8000 |
| Kaine Russell Coleman Logan PC<br>Attn: Brian Clark<br>901 Main St Ste 5200<br>Dallas, TX 75202-3705 | The Lane Law Firm<br>6200 Savoy Dr Ste 1150<br>Houston, TX 77036-3369 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| United Texas Bank<br>13101 Preston Rd Ste 200<br>Dallas, TX 75240-5220 | Robert C Lane<br>The Lane Law Firm<br>6200 Savoy Dr Ste 1150<br>Houston, TX 77036-3369 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Gray Reed & McGraw LLP
c/o Anna M. Virene
1300 Post Oak Blvd
Houston, TX 77056-3043

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)United Texas Bank | (d)Walnut Hills-Greenville Ave, LLC<br>1911 Bagby St Suite 300<br>Houston, TX 77002-8740 | End of Label Matrix<br>Mailable recipients   13<br>Bypassed recipients    2<br>Total                 15 |