**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | |
| **WALNUT HILLS-** | **§** | |
| **GREENVILLE AVE, LLC** | **§** | |
| **DEBTOR** | **§** | **BANKRUPTCY CASE NO. 24-31485** |

**DEBTOR'S RESPONSE TO UNITED TEXAS BANK'S
EMERGENCY MOTION TO CONVERT TO CHAPTER 7**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Walnut Hills-Greenville Ave, LLC ("Debtor") and files this Response to United Texas Bank's Emergency Motion for to Convert to Chapter 7 (Doc. 58). Debtor opposes United Texas Bank's ("UTB") Motion to Convert and would respectfully show the Court the following:

## Background

1. On or around March 16, 2022 the Debtor and UTB executed a loan document whereby UTB lent the Debtor $25,000,000 secured by the Debtor's property comprising land and a building occupied as a hospital.

2. The terms of that loan required initial payments of interest only for a period of 2-years, and then would continue at 4.25% for the duration of the loan.

3. As part of the loan transaction, UTB required a Certificate of Deposit of over $4,000,000 be placed at UTB from the Debtor.

4. During the course of the loan, the Debtor did not miss one single payment to UTB bank. However, when the annual taxes came due for the county, the Debtor believed the CD was to be used for the payment of those taxes, but UTB refused to allow that money to be used for the taxes. Thereafter UTB declared a default and attempted to foreclose.

5. On April 1, 2024, the Debtor filed this Chapter 11 preventing UTB from foreclosing on its loan, and UTB has and continues to do everything in its power to disrupt the Debtor from successfully reorganizing.

6. On July 30, 2024, Debtor filed its Plan of Reorganization and Proposed Disclosure Statement (the "Plan") (Doc. 37) disclosing that it plans to complete its refinance of UTB's loan paying 100% to all creditors in one lump sum at closing. The confirmation hearing has been set for September 16, 2024.

7. Debtor informed UTB that its general counsel and witnesses would be unavailable for a 2004 examination until September, but UTB scheduled it for last week and when the Debtor was unable to produce responsive documents timely and appear for the scheduled 2004 examination, the motion to compel and motion to dismiss followed.

8. Debtor has since discussed this with UTB and agreed to produce responsive documents by September 6 and sit for a 2004 examination during the week of September 9.

**Argument Against Dismissal**

9. Contrary to UTB's allegations to the contrary, the Debtor has complied with its duties as a debtor in possession including but not limited to:

a. Opening a DIP account At Veritex Bank and depositing over $600,000 in that account since the filing, proof of which has been submitted to the US Trustee's office;

b. Maintaining insurance on all property of the Debtor;

c. Timely filing the status report on May 14, 2024 (Docket 26);

d. Attending the status conference on June 5, 2024;

e. Timely filing its plan of reorganization (Docket 37) and disclosure statement (Docket 38) on July 30, 2024 with the disclosed plan satisfying 100% of all debts in one single payment to be made at the closing of a refinanced loan.

10. Despite all that compliance, UTB would have the Court issue a death penalty sanction because there are two late monthly operating reports and a failure to appear at a 2004 examination when the impossibility of compliance was discussed with UTB.

11. While the Debtor is certainly not without some culpability, UTB's actions throughout the case have hindered the Debtor's ability quickly reorganize as well.

12. First, the Debtor is currently holding a check in an amount of nearly $200,000 from a business interruption insurance claim that has been assigned to the Debtor towards its rent, but UTB has and continues to fail to co-endorse this check preventing the Debtor from depositing this into the DIP account.

13. Second, and perhaps most troubling is during an audit of the Debtor and its related entities financials, UTB was asked to complete a form and return to the auditors that simply needed to verify the total amount of the Debt of UTB to the Debtor as of December 31, 2022. UTB has and continues to fail to return this form, which has now resulted in an audit showing the auditors were unable to issue a qualified opinion solely because of the inability to verify the debt of the Debtor by its sole creditor. That act has and continues to delay refinance efforts, but despite this, the Debtor is finalizing terms for a new loan as set forth in its Plan of Reorganization.

**Conversion is not warranted under 11 USC §1112(b)(2)**

14. A court should not convert a case to Chapter 7 where the debtor can establish that conversion is not in the best interest of creditors and the estate and there is a reasonable likelihood that a plan will be confirmed within a reasonable time and if the acts of cause under §1112(b)(4)

can be cured within a reasonable time. *See* In re Delta AG Grp., LLC; 596 B.R. 186, 197 (Bankr. W.D. LA 2019).

15. First, there is no reason that conversion is in the best interest of the creditors or the estate. The Debtor's property was appraised at nearly $60,000,000 during the time that UTB originally lent the Debtor money. Conversion would likely delay resolution of the debts at issue in light of the need to appoint a trustee, market the property for sale, and complete a sale process all of which would delay resolution to the creditors and the estate and likely result in the addition of large and unnecessary administrative expenses. That delay and increased cost should be weighed against the significant equity that would be lost in a sale and also balanced by the vast amount of security that UTB still possesses in this property.

16. Second, the Debtor would show the following under 11 USC §1112(b)(2) (A-B)

a. ***There is a reasonable likelihood a plan will be confirmed in a reasonable amount of time*** as confirmation is presently set for September 16, 2024. In two weeks, the Parties will be back before the Court arguing for a confirmation that contemplates a singular closing of a refinance loan that will pay all creditors including UTB and the county taxing authorities in full. The Debtor expects to be able to present formal loan terms at or before the confirmation hearing to the Court and all Parties.

b. ***Grounds do not exist to convert under 11 USC §1112(4)*** as there is no loss or diminution of the estate and the acts complained of by UTB are either incorrect, offered to be corrected timely, and are easily and timely curable. As discussed above and established by the schedules in this case, UTB and all creditors are and will remain fully secured given the value of the collateral here. The missing Debtor in possession reports that are not on file were complicated by UTB bank's failure

to endorse checks to be deposited by the Debtor, but are presently being finalized by the Debtor and expected to be filed by Wednesday, September 4, 2024. The production of documents requested by UTB and the 2004 examination requested has already been discussed with UTB's counsel and the general counsel of the Debtor, wherein the Debtor has offered to produce documents by the end of the week and sit for examinations the week prior to confirmation.

17. As set forth above, any alleged noncompliance of the Debtor has not unfairly or unduly prejudiced UTB bank, the value of its claims, not in any way damaged the value of the estate for it and other creditors.

18. The clear fact remains that the Debtor has complied with its obligations to propose a plan of reorganization, and has done so with the intent to quickly close a refinance that will pay all creditors in full. Had UTB signed requested documents to verify the debt, this may already have been completed. Nevertheless, within two weeks, the Debtor is prepared to present its plan to the Court for confirmation and begin the processes of exiting bankruptcy. To convert the case at this late junction would not be in the best interest of the creditors not estate, and any shortcomings of the Debtor's actions are quickly and easily correctible and are not causing any harm to the creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests this Court deny UTB's Emergency Motion to Convert or alternatively reserve ruling on this Motion until the Debtor is able to present its plan for Confirmation; and grant any further relief as the Debtor may show itself justly entitled.

Respectfully submitted,

THE LANE LAW FIRM, PLLC
*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Response was served upon the US Trustee and to the parties listed on the service list below and the attached mailing matrix either via electronic notice by the court's ECF noticing system or by United States first class mail, postage prepaid, on September 2, 2024:

Debtor:
Walnut Hills-Greenville Ave, LLC
1911 Bagby Street
Suite 200
Houston, TX 77002

US Trustee:
Office of The United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
USTPRegion07.HU.ECF@USDOJ.GOV

Parties Requesting Electronic Notice ECF:

William James Hotze on behalf of Creditor United Texas Bank
whotze@krcl.com

John J. Kane on behalf of Creditor United Texas Bank
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Michael P Ridulfo on behalf of Creditor United Texas Bank
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Debtor Walnut Hills-Greenville Ave, LLC
mridulfo@krcl.com, rcoles@krcl.com

John Kendrick Turner on behalf of Creditor Dallas County
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Jana Smith Whitworth on behalf of U.S. Trustee US Trustee
jana.whitworth@usdoj.gov

Kyle Woodard on behalf of Creditor United Texas Bank
kwoodard@krcl.com, kwoodard@ecf.courtdrive.com;ecf@krcl.com

*/s/Robert C. Lane*
Robert C. Lane

Label Matrix for local noticing
0541-4
Case 24-31485
Southern District of Texas
Houston
Mon Sep 2 20:45:41 CDT 2024

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o John K Turner
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

Walnut Hills-Greenville Ave, LLC
1911 Bagby St Suite 300
Houston, TX 77002-8740

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Advanced Dallas Hospital & Clinics, LLC
1911 Bagby Street Suite 200
Houston, TX 77002-8860

Clinical Communication Partners, LLC
c/o Lisa Norman
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4175

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o John Kendrick Turner
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207-2328

Dallas County
c/o Linebarger Goggan Blair & Sampson
2777 N. Stemmons Frwy 1000
Dallas, TX 75207-2328

(p)GRAY REED & MCGRAW LLP
ATTN LISA STUCKETT
1300 POST OAK BLVD STE 2000
HOUSTON TX 77056-8000

Kaine Russell Coleman Logan PC
Attn: Brian Clark
901 Main St Ste 5200
Dallas, TX 75202-3705

The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

United Texas Bank
13101 Preston Rd Ste 200
Dallas, TX 75240-5220

Michael P Ridulfo
Kane Russell Coleman Logan
5151 San Felipe, Suite 800
Houston, TX 77056-3627

Robert C Lane
The Lane Law Firm
6200 Savoy Dr Ste 1150
Houston, TX 77036-3369

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Gray Reed & McGraw LLP
c/o Anna M. Virene
1300 Post Oak Blvd
Houston, TX 77056-3043

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)United Texas Bank

(d)Walnut Hills-Greenville Ave, LLC
1911 Bagby St Suite 300
Houston, TX 77002-8740

End of Label Matrix
Mailable recipients 14
Bypassed recipients 2
Total 16