**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31485** |
| **WALNUT HILLS-GREENVILLE AVE,** | § | |
| **LLC,** | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**CHAPTER 11 TRUSTEE'S EMERGENCY MOTION FOR ORDER COMPELLING**
**TENANT TO GRANT THE CHAPTER 11 TRUSTEE ACCESS**
<u>**TO THE DEBTOR'S BUILDING**</u>

>    **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you.**

>    **Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

>    **Represented parties should act through their attorney.**

>    **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

Tom Howley, Chapter 11 Trustee (the "**Chapter 11 Trustee**") appointed in the above-referenced case, hereby files this emergency motion (the "**Motion**") seeking an order substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**") compelling tenant Advanced Dallas hospital & Clinics, LLC (the "**Tenant**") to provide the Chapter 11 Trustee access to the

Building (as defined below) owned by the above-captioned debtor (the "**Debtor**"). In support of the Motion, the Chapter 11 Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion to Expedite pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for relief requested here are sections 105(a) and 1106 of the United Staes Code ("**the Bankruptcy Code**").

## BACKGROUND

4.      On April 1, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Case**").

5.      This is a single asset real estate Bankruptcy Case relating to a commercial building located at 7502 Greenville Avenue, Dallas Texas (the "**Building**"). The Building is leased by the Tenant pursuant to a commercial lease dated December 1, 2020 (the "**Lease**"). A copy of the Lease is attached hereto as **Exhibit B**. Through various holding companies and other entities, both the Tenant and the Debtor are owed and controlled by Dr. Atul L. Chopra. The monthly rent payments to be made by the Tenant under the terms of the Lease are the Debtor's sole source of cash.

6.      From and after the Petition Date, the Debtor operated its business and managed its property as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7.      On July 10, 2024, UTB filed its *Motion to Appoint Examiner* [Doc. No. 31] (the "**Examiner Motion**"), requesting the appointment of an examiner in the Bankruptcy Case to address the inconsistencies related to amounts paid (or not paid) by the Tenant.

8.     On August 29, 2024, UTB filed its *Emergency Motion to Convert to Chapter 7 Case* [Doc. No. 58] (the "**Motion to Convert**"), seeking conversion of the Bankruptcy Case based on the Debtor "wholly fail[ing] to comply with even the most basic requirements of a Debtor in Possession."

9.     On September 3, the Court held an evidentiary hearing on the Examiner Motion and the Motion to Convert. At the hearing, the Court ordered the U.S. Trustee to appoint a Chapter 11 trustee and subsequently entered an order to that effect at Doc. No. 66.

10.     On September 5, 2024, the United States Trustee filed its *Emergency Application for Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [Doc. No. 71] (the "**Motion to Appoint Trustee**").

11.     On September 6, 2024, the Court entered the *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [Doc. No. 72].

12.     Immediately following his appointment, the Chapter 11 Trustee retained the undersigned counsel and has taken steps to take position of the Debtor's assets and otherwise preserve and protect estate assets including:

    a.     Negotiating with UTB for the use of cash collateral and filing a motion seeking Court authority for such use. See Doc. No. 86;

    b.     Reviewing the insurance coverage on the Building;

    c.     Entering into discussions with the Tenant and other equity interest parties including Zoo Real Estate Holdings, LLC ("**Zoo Real Estate**") regarding the potential refinancing of UTB's debt;

    d.     Reviewing the Bankruptcy Case pleadings and making demand upon the Debtor to revise the incorrect information in the two Monthly Operating Reports filed by the Debtor and further demanding that the Debtor file the additional missing Monthly Operating Reports;

e.      Reviewing the filed claim of UTB and reviewing the filed financing statements and deed of trust to confirm UTB's secured status;

f.      Attending a status conference on September 16, 2024 to provide the Court with an update on the Chapter 11 Trustee's initial actions and the Chapter 11 Trustee's intended next steps;

g.      Negotiating with multiple potential brokers for the sale of the Building and ultimately executing an agreement, subject to Court approval, for the retention of Jones Lang LeSalle Brokerage, Inc. (the "**Broker**");[1]

h.      Drafting a sale and bidding procedures motion into place a sale process, while preserving the ability of the Tenant and the Debtor's equity interest holders to continue their attempts at a refinancing of UTB's debt;[2]

i.      Reviewing the terms of the Lease and issuing multiple demands upon the Tenant for payment of unpaid rent and following with a written notice of default under the terms of the Lease; and

j.      Researching and analyzing the procedure for the ultimate eviction of the Tenant, should that become necessary, and related issues including closing the Tenant's hospital in a lawful and responsible manner.

13.     On or about October 3, 2024, the Tenant paid the amount owing under the Lease for October rent. However, notwithstanding the demands made by the Chapter 11 Trustee, the post-petition rent payments from April 1, 2024 through September 2024 remain unpaid.

14.     On October 3, 2023, counsel for the Chapter 11 Trustee, via email, made a written request upon T. Joss Judd, counsel for Zoo Real Estate, seeking for the Tenant to provide the Chapter 11 Trustee with a Building Site visit on Wednesday October 9, 2024. Counsel for the

---

[1] The Chapter 11 Trustee will be filing an application to employ the Broker as soon as possible and will be seeking expedited consideration of same.

[2] The Chapter 11 Trustee will be filing the sale and bidding procedures motion as soon as possible and will be seeking the matter to be heard on October 30, 2024 at 11:00 a.m., which is the date and time for other pleadings filed by the Chapter 11 Trustee including the cash collateral motion, the application to retain counsel, and the motion for interim compensation procedures.

Chapter 11 Trustee followed up with an additional email on October 4, 2024 advising that the site visit would take approximately one hour, that the Chapter 11 Trustee would be accompanied by representatives of the Broker, and that the Chapter 11 Trustee would be "happy to accommodate on time of day [of the visit] to minimize disruption."

15.     Later on October 4, 2024, counsel for Zoo Real Estate responded by email, and copied Tenant counsel Jonathan Curth. The response questioned why a site visit was needed.

16.     Counsel for the Chapter 11 Trustee responded to the email that same day and thereafter followed with a written email demand, pursuant to Section 12 of the Lease, for the Tenant to provide the Chapter 11 Trustee access to the Building on behalf of the Debtor, which the Tenant is required to do under the terms of the Lease. A copy of the October 3 and October 4 email exchange is attached hereto as **Exhibit C**.

17.     Section 12 of the Lease states:

> During Tenant's normal business hours Landlord may enter the Leased Premises for any reasonable purpose, including but not limited to purposes for repairs, maintenance, alterations and showing the Leased Premises to prospective Tenants or purchasers. Landlord may access the Leased Premises after Tenant's normal business hours if: (1) entry is made with Tenant's permission; or (2) entry is necessary to complete emergency repairs: Landlord will not unreasonably interfere with Tenant's business operations when accessing the Leased Premises.

18.     The Chapter 11 Trustee's October 4, 2024 demand advised that if the Tenant did not confirm by Monday October 7, 2024 at 10:00 a.m. that access for a Building site visit would be granted, the Chapter 11 Trustee would file an emergency motion seeking an order from the Court compelling the Tenant to grant such access.

19.     The Tenant did not respond further, thus necessitating the filing of this Motion.

**RELIEF REQUESTED AND BASES THERFOR**

20.     As demonstrated by the plain language in Section 12 of the Lease (copied above), the Tenant is obligated to provide its landlord (the Debtor) access to the Building premises for the express purpose that the Chapter 11 Trustee is seeking access: to further a potential sale of the Building. As the duly-appointed trustee in this Bankruptcy Case, the Chapter 11 Trustee is authorized to make such demand on behalf of the Debtor.

21.     The Chapter 11 Trustee made clear in its request for a site visit that the Chapter 11 Trustee will accommodate reasonable demands by the Tenant in order to minimize any disruption associated with the one-hour visit. Counsel for Zoo Real Estate attempted to turn those words against the Chapter 11 Trustee, accusing the Chapter 11 Trustee of providing an "admission that the trustee will disrupt the operation of the hospital." This unreasonable and unwarranted response made it clear to the Chapter 11 Trustee that additional good faith attempts with the Tenant to come to an agreement on access to the Building were unlikely to be successful. Nevertheless, the Chapter 11 Trustee made an additional demand on the Tenant and provided a reasonable deadline to respond, which the Tenant ignored.

22.     While the terms of the Lease are more than sufficient to provide the basis for access by the Chapter 11 Trustee – including his counsel and including Broker representatives – the Bankruptcy Code provides further grounds for relief. Bankruptcy Code section 1106(a)(3) requires a court-appointed trustee to "investigate the acts, conduct, assets, liabilities, and financing condition of the debtor, the operation of the debtor's business and the desirability of the continuation of such business, and any other matter relevant to the case or the formulation of a plan." This language makes clear that the Chapter 11 Trustee is statutorily required to gain access to the Building not only to inspect its condition but also to further the potential sale of the Building.

23.     For these reasons, the Court should enter the Proposed Order as soon as possible so that a Building site visit can be conducted by the Chapter 11 Trustee. In addition, the Chapter 11 Trustee is seeking in the Proposed Order further instructions to tenant that the Chapter 11 Trustee and his representatives must be given future access upon reasonable notice in order to further the Building sale process. Such ongoing, and regular, access will allow the Chapter 11 Trustee to fulfill his duties to maximize value for all stakeholders in this Bankruptcy Case, including both the creditors and the equity interest holders.

24.     Pursuant to the Court's Procedures/Practice Guide and Local Bankruptcy Rule 9013-1(i), the Chapter 11 Trustee is herein providing a detailed statement why emergency relief is warranted. Such relief is warranted because the Bankruptcy Case has been languishing in Chapter 11 for over five months and additional delay will result in additional unnecessary costs and expenses. The Chapter 11 Trustee is obligated to move this matter forward expeditiously and access to the Building is necessary to do so. In addition, both the Chapter 11 Trustee and his counsel will be in Dallas on October 8, 2024, and representatives of the Broker are also available that day. Furthermore, there is no basis under the Lease or in law for the Tenant to deny access to the Building. The equities therefore all weigh heavily in favor of the Chapter 11 Trustee being granted access for a site visit as quickly as possible.

25.     In addition, pursuant to Local Bankruptcy Rule 9013-1(i), the accuracy of both this Motion and the Motion for Emergency Consideration have been certified by counsel.

WHEREFORE, the Chapter 11 Trustee requests that the Court grant the relief sought herein, enter the attached Proposed Order granting the Chapter 11 Trustee access to the Building, and grant such other and furth relief as is just and proper.

Dated: October 7, 2024          Respectfully submitted,

**ROSS, SMITH & BINFORD, PC**

By: /s/ *Jason Binford*
Jason Binford
State Bar No. 24045499
2901 Via Fortuna
Bldg. 6, Suite 450
Austin, TX 78746
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com

**PROPOSED COUNSEL TO TOM HOWLEY,
CHAPTER 11 TRUSTEE**

## <u>CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(i)</u>

The undersigned hereby certifies, to the best of his knowledge, the accuracy of the information in the foregoing Motion.

/s/ *Jason Binford*
Jason Binford

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 7, 2024, he caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and via email, to the parties listed below.

/s/ *Jason Binford*
Jason Binford

**Debtor's Counsel**
Joshua Gordon
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036
*joshua.gordon@lanelawfirm.com*

**Counsel for United Texas Bank**
Michael Ridulfo
John Kane
Kyle Woodard
Kane Russell Coleman & Logan, PC
5151 San Felipe, Suite 800
Houston, TX77056
*mridulfo@krcl.com*
*jkane@krcl.com*
*kwoodard@krcl.com*

**United States Trustee**
Jana Whitworth
515 Rusk Street, Suite 3516
Houston, TX 77002
*jana.whitworth@usdoj.gov*

**Counsel for Dallas County**
John Turner
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75027
*dallas.bankruptcy@lgbs.com*

**Counsel for Zoo Real Estate Holdings, LLC**
T. Josh Judd
Andrews Myers, P.C.
1885 Saint James Place, Suite 1500
Houston, TX 77056
*jjudd@andrewsmyers.com*

**Counsel for Advanced Hospital & Clinics, LLC**
Advanced Dallas Hospital & Clinics, LLC
Attn: Jonathan Curth
1911 Bagby Street, Suite 200
Houston, TX 77002
*jcurth@adhealthcare.com*