
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § § | CASE NO. 24-31485 |
| WALNUT HILLS-GREENVILLE AVE, LLC | | |
| Debtor. | | Chapter 11 |

### FINAL APPLICATION OF ROSS, SMITH & BINFORD, PC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO TOM HOWLEY, THE CHAPTER 11 TRUSTEE FOR THE PERIOD FROM SEPTEMBER 9, 2024 TO JANUARY 16, 2025

**This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the application at the hearing. Represented parties should act through their attorney.**

**There will be a hearing on this application on March 4, 2025 at 11:00 a.m. in courtroom 403, 515 Rusk Street, Houston, Texas 77002.**

Ross, Smith & Binford, PC ("**Ross Smith Binford**," or the "**Firm**"), counsel to Tom Howley, the Chapter 11 Trustee (the "**Chapter 11 Trustee**") in the above-numbered and styled bankruptcy proceeding (the "**Bankruptcy Case**"), hereby files this application (the "**Application**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit 7** granting final approval and payment of fees incurred during the period from September 9, 2024 to January 16, 2025 (the "**Application Period**") in connection with Ross Smith Binford acting as counsel to the Chapter 11 Trustee in this Chapter 11 Case for a total fee award,

1

on final basis, of $168,955 and a total reimbursement expense of $2,389.38. In support of the Application, Ross Smith Binford respectfully states as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over the Chapter 11 Case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of the Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are §§ 327, 328, 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules for the Southern District of Texas Bankruptcy Court (the "**Local Rules**").

## BACKGROUND

4.  On April 1, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.  This is a single asset real estate Bankruptcy Case relating to a commercial building located at 7502 Greenville Avenue, Dallas, Texas (the "**Building**"). The Building is leased by Advanced Dallas Hospital & Clinics, LLC for the operation of a hospital pursuant to a commercial lease dated December 1, 2020 (the "**Lease**"). Through various holding companies and other entities, both Advanced Dallas Hospital & Clinics, LLC and the Debtor are owned and controlled by Dr. Atul L. Chopra.

6.  From and after the Petition Date, the Debtor operated its business and managed its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On July 10, 2024, United Texas Bank ("**UTB**") filed its *Motion to Appoint Examiner* [Doc. No. 31] (the "**Examiner Motion**"), requesting the appointment of an examiner in the Bankruptcy Case to address the inconsistencies related to amounts paid (or not paid) by Advanced Dallas Hospital & Clinics, LLC.

8. On August 29, 2024, UTB filed its *Emergency Motion to Convert to a Chapter 7 Case* [Doc. No. 58] (the "**Motion to Convert**"), seeking conversion of the Bankruptcy Case based on the Debtor "wholly fail[ing] to comply with even the most basic requirements of a Debtor in Possession."

9. On September 3, 2024, the Court held an evidentiary hearing on the Examiner Motion and the Motion to Convert. At the hearing, the Court ordered the U.S. Trustee to appoint a Chapter 11 Trustee and subsequently entered an order to that effect at Doc. No. 66.

10. On September 5, 2024, the United States Trustee filed its *Emergency Application for Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [Doc. No. 71] (the "**Motion to Appoint Trustee**").

11. On September 6, 2024, the Court entered the *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [Doc. No. 72].

12. Immediately following his appointment, the Chapter 11 Trustee retained the undersigned counsel and, without limitation, took the following steps to take possession of the Debtor's assets and otherwise preserve and protect estate assets:

   a. Engaging in discussions with the Tenant and other equity interest parties including Zoo Real Estate Holdings, LLC ("**Zoo Real Estate**") regarding the potential refinancing of UTB's debt;

   b. Negotiating with UTB for the use of cash collateral and filing a motion seeking Court authority for such use. *See* Doc. No. 86;

   c. Reviewing the insurance coverage on the Building;

3

    d. Reviewing the Bankruptcy Case pleadings and making demand upon the Debtor to revise the incorrect information in the two Monthly Operating Reports filed by the Debtor and further demanding that the Debtor file the additional missing Monthly Operating Reports;

    e. Reviewing the filed claim of UTB and reviewing the filed financing statements and deed of trust to confirm UTB's secured status;

    f. Attending a status conference on September 16, 2024 to provide the Court with an update on the Chapter 11 Trustee's initial actions and the Chapter 11 Trustee's intended next steps;

    g. Negotiating with multiple potential brokers for the sale of the Building and ultimately executing an agreement for the retention of Jones Lang LeSalle Brokerage, Inc. (the "**JLL**");

    h. Drafting a sale and bidding procedures motion to put into place a sale process, while preserving the ability of the Tenant and the Debtor's equity interest holders to continue their attempts at a refinancing of UTB's debt;

    i. Reviewing the terms of the Lease and issuing multiple demands upon the Tenant for payment of unpaid rent and following with a written notice of default under the terms of the Lease; and

    j. Researching and analyzing the procedure for the ultimate eviction of the Tenant, should that become necessary, and related issues including closing the Tenant's hospital in a lawful and responsible manner.

13. On September 25, 2024, the Chapter 11 Trustee filed its *Application to Employ Ross, Smith & Binford, PC as Counsel for Tom Howley, Chapter 11 Trustee* [Doc. No. 88] (the "**Ross Smith Binford Employment Application**"). As set forth in the Ross Smith Binford Employment Application, Ross Smith Binford provided the Chapter 11 Trustee with a discount off its normal hourly rates and also agreed not to charge travel expenses for trips to Houston related to the Bankruptcy Case.

14. Ross Smith Binford did not request, and is not holding, a retainer for this matter.

4

15. On October 22, 2024, the Court entered an order granting the Ross Smith Binford Employment Application [Doc. No. 116] (the "**Retention Order**"), authorizing the employment of Ross Smith Binford as Debtors' counsel *nunc pro tunc* to September 9, 2024. A copy of the Retention Order is attached hereto as **Exhibit 1**.

16. On October 7, 2024, the Chapter 11 Trustee filed his Emergency Motion for Order Compelling Tenant to Grant the Chapter 11 Trustee Access to the Debtor's Building [Doc. No. 91] (the "**Emergency Access Motion**"). By the Emergency Access Motion, the Chapter 11 Trustee sought entry of an order specifically authorizing the Chapter 11 Trustee, his counsel, and representatives of JLL access to the Building to further the potential sale of the Building. On October 7, 2024, the Court entered an order granting the Emergency Access Motion. Doc. No. 93.

17. On October 9, 2024, the Chapter 11 Trustee, Ross Smith Binford attorney Jason Binford, and representatives of JLL, toured the Building. Mr. Binford did not charge any travel expenses related to the Dallas Building tour.

18. On October 9, 2024, the Chapter 11 Trustee filed his *Motion for Entry of an Order: (I) Approving Procedures for the Sale of Property Free and Clear of All Liens, Claims and Encumbrances; (II) Scheduling an Auction; (III) Approving Assumption and Assignment Procedures; (IV) Approving Form of Notice; and (V) Granting Related Relief* [Doc. No. 97] (the "**Bidding Procedures Motion**").

19. On October 9, 2024, the Chapter 11 Trustee filed his *Amended Application to Employ Jones Lane LaSalle Brokerage, Inc. as Real Estate Broker Effective as of October 4, 2024* [Doc. No. 99] (the "**JLL Retention Application**").

20. On October 15, 2024, Zoo Real Estate served upon the Chapter 11 Trustee its Request for Production of Documents (the "**Document Request**"). By the Document Request,

5

Zoo Real Estate issued twenty-one (21) requests for production of documents generally related to the Chapter 11 Trustee's business judgment and the decision to potentially sell the Building.

21. In response to the Document Request, the Chapter 11 Trustee directed Ross Smith Binford to employ Elite Discovery to assist with gathering the documents, reviewing the documents for privilege and responsiveness, and producing the documents. During the month of October 2024, this process required significant Ross Smith Binford attorney and paralegal efforts. Ross Smith Binford directly paid the substantial expenses necessary to retain Elite Discovery's services. Ultimately, the Chapter 11 Trustee produced many thousands of pages of documents responsive to the Document Request.

22. On October 25, 2024, Zoo Real Estate filed an objection to both the Bidding Procedures Motion and the JLL Retention Application. Doc. No. 120.

23. On October 25, 2024, Zoo Real Estate filed its *Chapter 11 Plan of Reorganization for Walnut Hills-Greenville Avenue, LLC* [Doc. No. 121] (the "**Plan**"). The Plan sought to resolve this Bankruptcy Case via a refinancing of UTB's debt rather than a sale.

24. On October 30, 2024, the Court held a hearing on the Bidding Procedures Motion and the JLL Retention Application (the "**Hearing**"). Prior to the Hearing, Zoo Real Estate filed a *Witness and Exhibit List* [as amended, Doc. No. 128] identifying seventy-nine (79) exhibits, consisting largely of the documents produced by the Chapter 11 Trustee in response to the Document Request. For his part, the Chapter 11 Trustee identified thirty (30) exhibits in anticipation of a potentially contentious Hearing.

25. The Hearing did, in fact, prove to be contentious with both the Chapter 11 Trustee and JLL representative Daryl Mullin each testifying for multiple hours. Following the Hearing, the Court entered an order [Doc. No. 135] abating the Bidding Procedures Motion until a hearing

scheduled for December 3, 2024 and required the Chapter 11 Trustee to file a report prior to that hearing "regarding the Market Testing of the Building." The order further abated any confirmation hearing for the Plan and scheduled a status conference on the Plan for December 3, 2024.

26. On October 30, 2024, the Court entered an order granting the JLL Employment Application. Doc. No. 130.

27. Following the Hearing, the Chapter 11 Trustee and Ross Smith Binford professionals furthered the Market Test of the Building by the following, without limitation:

    a. Reviewing, editing, and approving the form of marketing materials including a "teaser" flyer and an offering memorandum;

    b. Overseeing the assembly of a data room;

    c. Revising the form of the confidentiality agreement;

    d. Drafting and editing the form of an asset purchase agreement;

    e. Meeting regularly with JLL to receive feedback and guide the Market Test; and

    f. Meeting with both UTB and Zoo Real Estate regarding the Market Test.

28. On November 20, 2024, the Chapter 11 Trustee filed his *Second Motion for Further Authority to Use Cash Collateral and Granting Related Relief* [Doc. No. 149] (the "**Second Cash Collateral Motion**").

29. On December 3, 2024, Zoo Real Estate filed a Status Report [Doc. No. 155] advising that GoldQuest Group had provided Zoo Real Estate with a confidential term sheet "that would provide the Debtor with the necessary funds for a refinancing" and that "[n]egotiations are ongoing."

30. On December 3, 2024, the Chapter 11 Trustee filed his *Market Test Report* [Doc. No. 156]. The Market Test Report set forth the efforts taken by the Chapter 11 Trustee, as set forth above in paragraph 26.

31. On December 3, 2024, the Court held a hearing on the Bidding Procedures Motion and the Plan. Following the Hearing, the Court entered an order approving the Bidding Procedures Motion, as modified [Doc. No. 158] (the "**Bidding Procedures Order**"). The Court also entered an order [Doc. No. 159] resetting a confirmation hearing on the Plan.

32. Following the entry of the Bidding Procedures Order, the Chapter 11 Trustee and Ross Smith Binford professionals continued to work with JLL to move the sale process forward for either a February 10, 2025 auction or a February 19, 2025 Plan confirmation involving a refinancing. The choice of a sale or a refinancing remained pending, dependent upon which route ultimately proved to be the best option for the Debtor's estate.

33. On January 6, 2025, Zoo Real Estate filed its *First Amended Plan of Reorganization for Walnut Hills-Greenville Avenue, LLC* [Doc. No. 182] (the "**Amended Plan**"). The Amended Plan proposed a refinancing of the Building such that UTB's claim would be paid in full, all other creditors with allowed claims would be paid in full, and allowed professional fees would be paid in full. Zoo Real Estate also filed pleadings seeking the Court's emergency consideration of confirmation of the Amended Plan.

34. Immediately following the filing of the Amended Plan, the Chapter 11 Trustee and the undersigned counsel engaged in the necessary diligence associated with the Amended Plan including investigating the feasibility of the proposed refinancing sources. This included communications and exchange of information with Zoo Real Estate and an interview of one of the

8

financing sources. This also included negotiating the form and agreeing to an *Agreed Protective Order and Confidentiality Agreement* [Doc. No. 198].

35. Thereafter, the Chapter 11 Trustee and his counsel provided edits to the proposed order confirming the Amended Plan. Zoo Real Estate approved all such edits. On January 8, 2025, the Chapter 11 Trustee filed a *Response and Reservation of Rights* [Doc. No. 194] (the "**Response**") advising that the Chapter 11 Trustee supported confirmation of the Amended Plan in concept given that it proposed paying all creditors, subject to Zoo Real estate meeting the required burdens under Bankruptcy Code section 1129. The Response further advised that such refinancing and creditor payments "would validate the position of the Trustee to permit and encourage a dual track and permit the tenant to remain in possession despite nonpayment of rent from April through August of 2024." Allowing the Tenant to remain in possession allowed for the time that was necessary for Zoo Real Estate to secure refinancing. Furthermore, it was in notable contrast to UTB's position seeking to have the Tenant's right to possession terminated, which is the position UTB took throughout the Chapter 11 Trustee's tenure.

36. Also on January 8, 2025, Ross Smith Binford filed its *First Amended Application of Ross Smith Binford, PC for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to Tom Howley, the Chapter 11 Trustee for the Period From September 9, 2024 to December 31, 2024* [Doc. No. 191] (the "**Ross Smith Binford Interim Fee Application**").

37. On January 15, 2025, Ross Smith Binford filed a Notice of Supplemental Disclosure [Doc. No. 214] (the "**Supplemental Disclosure**"). The Supplemental Disclosure supplemented Ross Smith Binford shareholder Jason Binford's disclosure attached to the Ross

9

Smith Binford Employment Application and set forth Mr. Binford's connections with UTB counsel's firm Kane Russell Coleman & Logan PC.

38. Early on January 16, 2025, the Chapter 11 Trustee advised that he was terminating Ross Smith Binford as his counsel, effective immediately.

39. The Court held a hearing on confirmation of the Amended Plan later that day on January 16, 2025. Ross Smith Binford attorneys did not appear at the hearing, at the direction of the Chapter 11 Trustee.

40. On January 17, 2025, the Court entered an order confirming the Amended Plan [Doc. No. 219]. Thereafter, on January 21, 2025, Zoo Real Estate filed a *Notice of Effective Date* [Doc. No. 222] advising that the Effective Date of the Amended Plan was January 21, 2025.

41. On January 22, 2025, Ross Smith Binford filed its *Amended Motion to Withdraw as Attorney to the Chapter 11 Trustee* [Doc. No. 225]. The motion seeks entry of an order confirming that the firm's termination, effective as of January 16, 2025.

42. On January 23, 2025, Ross Smith Binford filed a notice [Doc. No. 226] withdrawing the Ross Smith Binford Interim Fee Application without prejudice and further reserving "all rights with respect to fees and expenses in this Bankruptcy Case including, without limitation, the final fee application . . . ."

## **RELIEF REQUESTED AND BASES THERFOR**

43. By this Application, Ross Smith Binford seeks allowance on a final basis of the fees and expenses incurred as counsel to the Chapter 11 Trustee during the Application Period, which consists of the period from the Chapter 11 Trustee's retention of Ross Smith Binford on September 9, 2024 until the firm's termination on January 16, 2025. Specifically, Ross Smith Binford requests the Court approve the sum of $168,955 for the Firm's fees during the Application

10

Period and reimbursement of expenses in the amount of $2,389.38, and further requests that the Court order the Chapter 11 Trustee to remit payment to Ross Smith Binford from the Debtor's operating account controlled by the Chapter 11 Trustee. The Application is supported by the Declaration of Jason Binford attached hereto as **Exhibit 2**.

**A.     Ross Smith Binford's Fees and Expenses**

44.     Ross Smith Binford's monthly invoices for the Application Period (the "**Invoices**") showing time billed and expenses incurred during the period, are attached hereto as **Exhibit 3**. The Invoices were generated by Ross Smith Binford in the ordinary course of its business and are compiled from daily time records submitted on a contemporaneous basis by the attorneys and paralegals employed by the Firm. Pursuant to the Firm's ordinary billing practices, the time records were kept in six-minute increments.

45.     The Invoices contain a detailed listing and description of all service performed as counsel to the Chapter 11 Trustee by Ross Smith Binford, the time spent and dates on which those services were performed, the attorneys and paralegal that performed the services, and the rates charged during the Application Period.

46.     In addition, Ross Smith Binford has prepared a Schedule of Professionals for the Compensation Period (**Exhibit 4**), a Schedule of Time by Billing Category for Compensation Period (**Exhibit 5**), and a Schedule of Expenses (**Exhibit 6**).

**B.     Fee Application Evaluation Standards**

47.     Section 330(a)(1) of the Bankruptcy Code provides for the payment of:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and

(B)     reimbursement for actual, necessary expenses.

11

48. In determining the reasonableness of attorney fees, courts commonly review the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "**Johnson Factors**"). The Johnston Factors are:

   a. The time and labor involved;

   b. The novelty and complexity of the issues involved;

   c. The skill required to perform the legal service properly;

   d. The preclusion of other employment;

   e. The customary fee;

   f. Whether the fee is fixed or contingent;

   g. Any time limitations imposed;

   h. The amount involved and the results obtained;

   i. The experience, reputation, and ability of the attorneys;

   j. The undesirability of the case;

   k. The nature and length of professional relationship with the client; and

   l. Awards in similar cases.

C. **The *Johnson* Factors as Applied to Ross Smith Binford's Fees**

49. As counsel to the Chapter 11 Trustee, this case presented legal issues which required the skill and experience brought to bear by the Firm.

50. Ross Smith Binford's fees are also justified under each of the applicable *Johnson* factors. A brief statement with regard to such factors is as follows:

   a. **The time and labor involved**. Ross Smith Binford has expended a total of 312.4 hours in attorney and paralegal hours and has incurred $168,955 in legal fees in serving as counsel to the Chapter 11 Trustee during the Application Period. The time and hourly rate for each attorney and paralegal are reflected in the Billing Summary. A detailed description of the services rendered is provided in the Invoices.

12

b. **The novelty and complexity of the issues involved.** The factual issues and legal questions encountered in representing the Chapter 11 Trustee as counsel were of a complex and specialized nature, requiring an understanding of secured transactions, state real estate law, bankruptcy issues, and the particular duties of a Chapter 11 Trustee.

c. **The skill required to perform the legal service properly.** Ross Smith Binford has members who have performed services on behalf of the Chapter 11 Trustee who dedicate the vast majority of their law practice to bankruptcy law. The legal issues presented in this proceeding required a meaningful degree of expertise and experience.

d. **The preclusion of other employment.** Ross Smith Binford did not decline other employment in the course of representing the Chapter 11 Trustee as counsel. However, during the time spent working on this matter, the assigned Ross Smith Binford attorneys forewent the opportunity to work on other matters.

e. **The customary fees.** The fees applied for herein are equivalent to customary fees in other proceedings for similar services rendered and results to date.

f. **Whether the fee is fixed or contingent.** This factor is not applicable.

g. **Time limitation.** A summary of the hours expended, and the detailed descriptions of the work performed is described in the Invoices.

h. **The amount involved and the results obtained.** Ross Smith Binford actively participated in the matters for which it was retained as counsel to the Chapter 11 Trustee. Ross Smith Binford believes that the estate has benefited from Ross Smith Binford's efforts because Ross Smith Binford has successfully represented the Chapter 11 Trustee on a number of matters including, but not limited to, extensive document review, preparation for and representation of a lengthy contested hearing, applications for the employment of professionals, negotiations with the Debtor and Debtor's counsel, and expertise regarding real estate at the Debtor's location.

Ross Smith Binford's efforts also contributed to the successful resolution of this Bankruptcy Case via a confirmed plan that is slated to pay all the allowed claims of all creditors and the allowed amounts payable to all professionals in full. The "dual track" sale and plan process applied the necessary pressure to the relevant

parties in interest and it is unlikely that such an ideal result would have occurred absent the deft application of such pressure and diligence.

As such, Ross Smith Binford asserts that its fees are appropriate.

i. **The experience, reputation, and ability of the attorneys and paralegals**. The attorney time billed by Ross Smith Binford to this engagement was billed by Jason Binford, Frances Smith, J. Casey Roy, Jonathan Gitlin, and Abigail Rogers. In addition, the Ross Smith Binford paralegals billing to the matter were Michael Coulombe and Casey Eary.

Mr. Binford has been practicing in the area of bankruptcy and creditors' rights for approximately 20 years. Mr. Binford is board-certified in business bankruptcy law by the Texas Board of Legal Specialization and also by the American Board of Specialization.[1] Prior to joining the firm, Mr. Binford was an Assistant Attorney General at the Office of the Attorney General of Texas, where he managed the Bankruptcy Regulatory Team. By agreement with the Chapter 11 Trustee, Mr. Binford has charged a rate of $600 per hour for time billed during the Application Period. This rate is slightly lower than Mr. Binford's standard rate for 2024, which is $650 an hour. Ross Smith Binford believes that Mr. Binford's rate is justified in light of his experience and is well within local market rates.

Frances Smith is a shareholder and managing partner of Ross, Smith Binford. Ms. Smith has been practicing in the area of bankruptcy and creditors' rights for more than 20 years. Ms. Smith began her career as a clerk for United States Bankruptcy Judge Barbara J. Houser and thereafter was an associate and partner at Haynes and Boone LLP and Shackelford, Bowen, McKinley & Norton, LLP. Ms. Smith is a former Chair of the Bankruptcy Section for the State Bar of Texas and is the current President of the John C. Ford Bankruptcy Inn of Court.

Jonathan Gitlin has been licensed to practice law since 2009, is currently licensed in both Texas and the District of Columbia, along with being admitted in numerous federal courts, and has been practicing in both state and federal courts as a litigator, along with practicing in bankruptcy courts in both business and consumer bankruptcy cases. He frequently appears in state courts in real estate litigation and is well versed in matters concerning commercial real estate. Mr. Gitlin has charged a rate of $500 per hour for time billed

---

[1] *See* Bankruptcy Code section 330(a)(3)(E) stating that one of the factors to be considered in determining the reasonableness of fees is "whether the [professional] person is board certified . . . ."

14

during the Application Period. This rate is slightly lower than Mr. Gitlin's standard rate for 2024. Ross Smith Binford believes that Mr. Gitlin's rate is justified in light of his experience and is well within local market rates.

Casey Roy has been licensed to practice law since 1994 in Texas and has practiced as a commercial bankruptcy attorney for 30 years. He served for 12 years as an Assistant Attorney General with the Texas Attorney General's Office. Mr. Roy was regulatory counsel to Texas state agencies in complex bankruptcy matters, with an emphasis on cases in the health care market. He has charged a rate of $600 per hour for time billed during the Application period. This rate is his standard rate for 2024. Ross Smith Binford believes that his rate is justified in light of his experience and is well within local market rates.

Abigail Rogers is an associate who worked under the direct supervision of Mr. Roy and Mr. Binford. Ms. Rogers charged a rate of $400 per hour for time billed during the Application Period. This rate is the standard rate for Ross Smith Binford Associates in 2024. Ross Smith Binford believes that Ms. Rogers' rate is justified in light of the tasks for which she charged fees and her supervision by experienced bankruptcy attorneys. Her fee is well within local market rates.

Michael Coulombe is a bankruptcy paralegal with over ten years of experience. Mr. Coulombe has charged a rate of $150 per hour for the time billed during the Application Period. Ross Smith Binford believes Mr. Coulombe's rate is reasonable and is justified in light of his experience and is well within local market rates.

Casey Eary is a bankruptcy paralegal with over 30 years of experience. Ms. Eary has charged a rate of $150 per hour for the time billed during the Application Period. Ross Smith Binford believes Ms. Eary's rate is reasonable and is justified in light of her experience and is well within local market rates.

j. **The undesirability of the case**. Ross Smith Binford does not believe that the subject case or acting as counsel to the Chapter 11 Trustee was "undesirable."

k. **The nature and length of the professional relationship with the client**. Ross Smith Binford attorney Jason Binford has had a professional relationship with the Chapter 11 Trustee for many years. However, no attorney at Ross Smith Binford has previously represented the Chapter 11 Trustee as a client.

l. **Awards in similar cases**. Ross Smith Binford believes that the fees requested herein are reasonable and are less than or at least in line with fees for cases of similar difficulty or complexity.

51. Taking all of the applicable *Johnson* factors into consideration, Ross Smith Binford respectfully submits that the fees requested in this Application are entirely appropriate. Accordingly, Ross Smith Binford requests that compensation of such fees be granted in the amounts requested herein.

52. Ross Smith Binford further requests that the fees applied for are in conformity with fees allowed in similar proceedings for similar services and results obtained. Ross Smith Binford has made no agreement for the sharing of compensation of fees herein, although such fees are shared by members of the Firm according to the Firm's agreement.

53. Ross Smith Binford was at all times a "disinterested person" and has not represented or held an interest adverse to the estate on the matters on which it was employed in compliance with Bankruptcy Code section 327(a). As set forth in the Supplemental Disclosure, Ross Smith Binford shareholder Jason Binford notified the Chapter 11 Trustee immediately following the receipt of a written conditional offer of employment from Kane Russell Coleman & Logan, PC. This was followed within two days by the filing of the Supplemental Disclosure on the Bankruptcy Case docket. Ross Smith Binford asserts that these disclosures were timely and that, as a matter of law, the firm's status as a disinterested person was not affected by interactions between Mr. Binford and Kane Russell Coleman & Logan, PC prior to that point.

54. This final fee application is authorized pursuant to Bankruptcy Code section 331. Ross Smith Binford previously sought interim approval of its fees and expenses, but such interim fee application was withdrawn.

WHEREFORE, Ross Smith Binford requests that the Court entered an order, substantially in the form of the Proposed Order attached hereto as Exhibit 7: (i) approving on a final basis the award of reasonable compensation for professional services rendered herein as counsel to the Chapter 11 Trustee during the Application Period in the amount of $168,955; (ii) awarding reimbursement of expenses in the amount of $2,389.38; (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 28, 2025                    Respectfully submitted,

**ROSS, SMITH & BINFORD, PC**

By: /s/ *Jason Binford*
Jason Binford
State Bar No. 24045499
2901 Via Fortuna
Bldg. 6, Suite 450
Austin, Texas 78746
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 28, 2025, he caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and on the parties listed below via email.

                                                      /s/ *Jason Binford*
                                                      Jason Binford

**Chapter 11 Trustee**
Tom Howley
Howley Law PLLC
700 Louisiana Street
Suite 4545
Houston, TX 77002
*tom@howley-law.com*

**Debtor's Counsel**
Joshua Gordon
Zach Casas
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036
*joshua.gordon@lanelaw.com*
*zach.casas@lanelaw.com*

**Counsel for United Texas Bank**
Michael Ridulfo
Kane Russell Coleman & Logan, PC
5151 San Felipe, Suite 800
Houston, TX77056
*mridulfo@krcl.com*

**United States Trustee**
Jana Whitworth
515 Rusk Street, Suite 3516
Houston, TX 77002
*jana.whitworth@usdoj.gov*

**Counsel for Dallas County**
John Turner
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75027
*dallas.bankruptcy@lgbs.com*

**Counsel for Zoo Real Estate Holdings, LLC**
T. Josh Judd
Andrews Myers, P.C.
1885 Saint James Place, Suite 1500
Houston, TX 77056
*jjudd@andrewsmyers.com*

Advanced Dallas Hospital & Clinics, LLC
1911 Bagby Street, Suite 200
Houston, TX 77002
*jcurth@adhealthcare.com*